**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon M Stansberry, | No. CV-22-01638-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Chinua Jarrett, Sr., | |
| Defendant. | |

This matter concerns *pro se* Plaintiff and Counter Defendant Brandon Stansberry's ("Stansberry") claims for defamation and harassment against *pro se* Defendant and Counter Claimant Chinua Jarrett, Sr. ("Jarrett").[1]  (Doc. 1 at 6, 8).  Jarrett filed a counterclaim for harassment against Stansberry.  (Doc. 15 at 5–6).  Before the Court are eight pending motions filed between December 2022 and January 2023:

(1) Stansberry's First Motion to Dismiss Counterclaim (Doc. 16), to which Jarrett filed a Response (Doc. 27);

(2) Stansberry's Motion to Waive Case Management Meeting (Doc. 22), to which Jarret filed a Response (Doc. 25);

(3) Jarrett's First Motion for Summary Judgment (Doc. 26);

---

[1] Should the parties continue to represent themselves in this matter, the Court instructs that they review the Federal Rules of Civil Procedure and the Local Rules of the District Court of Arizona.  The *pro se* litigants should also review the Handbook for Self-Represented Litigants located on the United States District Court's internet at: <https://www.azd.uscourts.gov/handbook-self-represented-litigants>.  These rules and procedures are to be adhered to by any party appearing in this Court.

(4) Stansberry's Second Motion to Dismiss Counterclaim (Doc. 29);

(5) Jarrett's Motion for Leave to Appear by Video (Doc. 32), to which Stansberry filed a Response (Doc. 40);

(6) Jarrett's Motion to Amend Counterclaim (Doc. 33);

(7) Jarrett's Motion to Allow Electronic Evidence (Doc. 34); and

(8) Stanberry's Motion to File Electronic Evidence (Doc. 38).

Pursuant to the Federal Rules of Civil Procedure, the Court set a Rule 16 Scheduling conference for February 22, 2023. (Doc. 28). Given that Stansberry's Motion to Waive Case Management Meeting and Jarrett's Motion for Leave to Appear by Video both concern the upcoming hearing, the Court will address these motions for the purpose of this Order. For the reasons below, the Court denies Stansberry's Motion to Waive Case Management Meeting and grants Jarrett's Motion for Leave to Appear by Video. To the extent the six remaining Motions are not resolved at the February 22, 2023, Scheduling Conference, the Court will do so by separate order in due course.

## II. Concurrent Litigation: The Arizona Injunction and New Jersey Criminal Case

Upon review of the record, the Court notes there are two concurrent proceedings in Arizona and New Jersey state courts that are connected with the present action. First is civil matter CV2022-093786 in Maricopa County Superior Court, Arizona. On August 26, 2022, the state court issued an Injunction Against Harassment (the "Arizona Injunction") against Jarrett and in favor of Stansberry as the named Protected Person. (Doc. 27 at 13–14). The Arizona Injunction prohibits Jarrett from contacting Stansberry "except through attorneys, legal process, court hearing, and [via] Electronic (email, text, etc.)[.]" (*Id.* at 13). The Arizona Injunction remains in effect "for one year from date of service." (*Id.*)

Second is criminal matter S2019-759 pending in Kearny Municipal Court, New Jersey (the "New Jersey Criminal Case"). (*Id.* at 11–12). On August 21, 2019, Stansberry was charged with (1) Desecration of Venerated Objects under 2C:33-9 for allegedly urinating on Jarrett's late wife's grave; and (2) Defacement of Private Property under 2C:

33-1 for allegedly destroying the temporary name plate set aside for Jarrett's late wife. (*Id.* at 3, 11–12). Jarrett was "granted the power of pro se prosecution" (*Id.* at 3) and trial was scheduled for January 17, 2023. (*Id.* at 3, 11–12). The New Jersey Criminal Case forms the factual basis for Jarrett's counterclaim for harassment against Stansberry. (Doc. 15 at 5–6).

### III.     Stansberry's Motion to Waive Case Management Meeting

Stansberry submitted his independently drafted case management report on December 20, 2022. (Doc. 23). The same day, Stansberry moved for this Court to "waive" the "case management meeting" and "accept [his] case management report in lieu of [requiring] a joint effort." (Doc. 22 at 2). The Court construes this as a request to waive the requirement that the parties meet and confer at least 21 days before the February 22, 2023, scheduling order pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure.

Stansberry represents he has "made several attempts via phone calls, voicemail, mail, text message, and email to contact . . . Jarrett." (Doc. 22 at 1). Moreover, Stansberry raises the Arizona Injunction's impact on the parties' means of correspondence. (*Id.*)

In his response, Jarrett claims that Stansberry only tried to contact him once and left a voice message, but denies receiving any mail, text messages and emails. (Doc. 25 at 2). Jarrett also notes the Arizona Injunction and New Jersey Criminal Case dissuade him from communicating with Stansberry. (*Id.*) Jarrett explains he "will not speak to the [Stansberry] over the phone unless [Stansberry] agrees to be recorded, as Pennsylvania is a two party consent state. If not [Stansberry] can use whatever was said as a premise to have [him] arrested based on the [Arizona I]njunction filed." (*Id.* at 2). Jarrett further cautions that "anything [Stansberry] says can and will be used against him" in the New Jersey Criminal Case. (*Id.*)

The Court acknowledges that the Arizona Injunction and New Jersey Criminal Case create limitations on the parties' ability to meet and confer. *See* Fed. R. Civ. P. 16(b) and 26(f). However, as mentioned, the Arizona Injunction allows for the parties to

communicate via legal process and by email. Accordingly, Stansberry shall redraft his case management report (Doc. 23) in accordance with the "Joint Case Management Report Template" attached to this Order[2] (*infra* at 5–7), and email a revised draft to Jarrett by January 31, 2023. Jarrett shall respond will his agreements, changes, or edits within three (3) days of receipt. Thereafter, Stansberry shall be responsible for filing a joint case management report or—if the parties cannot agree on a joint report—Stansberry shall file the two case management reports no later than seven (7) days before the February 22, 2023, Scheduling Conference. Therein, Stansberry shall also include the status of the New Jersey Criminal Case proceedings and the results of the of January 17, 2023, criminal trial.

**II.     Jarrett's Motion for Leave to Appear by Video**

Jarrett requests to appear in upcoming hearings, conferences, and possible trial through video conference due to his disability and family responsibilities in raising his five children as a widower. (Doc. 32 at 1). The Court also notes that Jarrett is a Pennsylvania resident. (Doc. 1 at 2). Stansberry opposes Jarrett's request and says he has a "track record of showing he is able bodied enough to attend court proceedings." (Doc. 40 at 1).

For good cause showing, the Court will grant Jarrett's request to appear by video conference at the upcoming February 22, 2023, Scheduling Conference. Should Jarrett seek to appear by video at other case proceedings, Jarrett shall file a motion for such relief supported by good cause.

Accordingly,

**IT IS ORDERED** that Plaintiff and Counter Defendant Brandon Stansberry's Motion to Waive Case Management Meeting (Doc. 22) is **DENIED**. Stansberry shall redraft his December 20, 2022, case management report (Doc. 23) in accordance with the "Joint Case Management Report Template" attached to this Order. **No later than January 31, 2023**, Stansberry shall email his revised case management report to Defendant and Counter Claimant Chinua Jarrett, Sr. at chinuajarrett@gmail.com. Jarrett shall respond

---

[2] To draft their case management reports, the parties are directed to the Pleading Paper Word document on the Court's website at <https://www.azd.uscourts.gov/forms/pleading-paper>.

with his agreements, changes, or edits **within three (3) days** of receipt. The parties shall have until **February 13, 2023**, to finalize the order.

**IT IS FURTHER ORDERED** that **no later than seven (7) days** before the February 22, 2023, Scheduling Conference, Stansberry shall file the parties' joint case management report or—if the parties cannot agree on a joint report—Stansberry shall file the two case management reports. Therein, Stansberry shall include the status of the New Jersey Criminal Case proceedings and the results of the of January 17, 2023, criminal trial.

**IT IS FINALLY ORDERED** that Defendant and Counter Claimant Chinua Jarrett, Sr.'s Motion for Leave to Appear by Video (Doc. 32) is **GRANTED**. The Court will provide Jarrett the Zoom information to the February 22, 2023, Scheduling Conference via email at chinuajarrett@gmail.com.

Dated this 26th day of January, 2023.

Honorable Diane J. Humetewa
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon M Stansberry, | No. CV-22-01638-PHX-DJH |
| Plaintiff, | **JOINT CASE MANAGEMENT REPORT TEMPLATE** |
| v. | |
| Chinua Jarrett, Sr., | |
| Defendant. | |

**1.     List of all parties in the case:**

**2.     A <u>short</u> statement of the nature of the claims:**

**3.     Jurisdictional basis for the case, describing the basis for jurisdiction and citing specific jurisdictional statutes, if any:**

**4.**     **Additional parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared, including fictitious parties:**

**5.**     **A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings:**

**6.**     **List of contemplated motions and the issues to be decided by these motions:**

**7.**     **Whether the parties will consent to the assignment of this action to a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c):**

**8.**     **The status of any pending related cases before other courts (not including factual disputes):**

**9.**     **Any issues related to disclosure or discovery of electronically stored information[3]:**

**10.**    **Whether there are any issues relating to privilege or work product:**

**11.**    **Discussion of anticipated discovery:**

   a.    The extent, nature, and location of discovery anticipated by the parties:

   b.    The scope of discovery and whether discovery should be conducted in phases or should be limited to focus on particular issues:

   c.    Suggested changes, if any, to the discovery limitations imposed by the

---

[3] This includes emails, text messages, telephone calls, etc.

           Federal Rules of Civil Procedure:

    d.    The number of hours permitted for each deposition, unless modified by agreement of the parties. See Fed.R.Civ.P. 30(d)(1):

**12. Proposed discovery deadlines:**
    a.    Deadline for initial disclosures:
    b.    Deadline for Plaintiff's expert disclosures:
    c.    Deadline for Defendant's expert disclosures:
    d.    Deadline for Rebuttal expert disclosures:
    e.    Deadline for completion of expert depositions:
    f.    Deadline for completion of fact discovery:
    g.    Deadline for engaging in good faith settlement talks:
    h.    Deadline for filing dispositive motions:

**13. Whether the parties seek a jury trial:**

**14. The Estimated length of trial:**

**15. The prospects for settlement including any request of the Court for assistance in settlement efforts, including referral to a United States Magistrate Judge for the limited purposes of settlement:**

**16. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure:**